IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARGARET M. LEWIS,<br><br>       Plaintiff,<br><br>  v.<br><br>BEN G. CHIN, MUI S. CHIN, dba CHIN'S CAFÉ & MOTEL, NATHAN HUANG, XIN LIU (ALICE) HUANG, and DOES ONE through FIFTY, inclusive,<br><br>       Defendants.<br>_____/ | No. C 05-1466 JSW<br><br>**ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO FILE A FIRST AMENDED COMPLAINT** |

Now before the Court is Plaintiff's motion for leave to file a first amended complaint. The Court finds the present motion suitable for resolution without oral argument and hereby VACATES the hearing date of February 24, 2006. *See* N.D. Civil Local Rule 7-1(b). Having carefully considered the parties' arguments as presented in their papers and the relevant legal authority, the Court hereby GRANTS Plaintiff's motion.

**BACKGROUND**

Defendants own and operate Chin's Café and Motel in Eureka, California. (Compl. ¶ 6.) Plaintiff is blind and physically diminished due to a recent kidney transplant surgery. (*Id*. ¶ 7.) On or about February 24, 2005, Plaintiff visited Chin's Café and Motel in Eureka, California. (*Id*. ¶ 14.) Due to several barriers, including the lack of van accessible parking, lack of an accessible path into

the restaurant, and a large step at the front door, Plaintiff claims she was denied access to the restaurant in violation of her civil rights to full and equal enjoyment. (*Id*. ¶¶ 6, 14, 16.) As a result of the barriers, Plaintiff fell outside the restaurant, sustaining injuries. In the original complaint, filed April 11, 2005, Plaintiff pled causes of action for negligence and violations of the Americans with Disabilities Act of 1990 ("ADA") as codified at 42 U.S.C. § 12101 *et seq*.; California Heath & Safety Code § 19955 *et seq*.; California Disabled Persons Act as codified at California Civil Code §§ 54, 54.1, 54.3; and California Unruh Civil Rights Act as codified at California Civil Code §§ 51, 51.5 for failing to make the facilities accessible to people with disabilities. (*Id*. ¶¶ 19-37, 38-54, 55-68, 69-73, 74-81.)

On July 21, 2005, Plaintiff served responses to defendant's interrogatories, which included additional facts not set forth in the complaint. (Declaration of J. Stephanie Krmpotic ("Krmpotic Decl."), ¶ 6.) Interrogatory no. 3 posed the question: "If there are any other damages that you attribute to the incident, please set forth the nature and amount of said damages." (*Id*. at ¶ 5.) Plaintiff responded that after her fall, a restaurant employee, defendant Alice Huang, "told my husband not to bring me back to the restaurant again, and that if we wanted to eat there we must call in our order for pickup, effectively relaying to me that I am not a welcomed customer at their establishment." (*Id*. at ¶ 6.) Plaintiff again relayed similar facts during her September 21, 2005 deposition. She said that defendant told her husband that "if he wanted to order . . . to call in the order ahead of time, and said that she would -- if he honked outside, she would bring the food out, and not to bring the Mrs. back again." (Declaration of Jason K. Singleton Ex. A (Deposition of Margaret Lewis at 67-68).)

Although Plaintiff concedes that the incident should have been included in the original complaint and that it was merely counsel's oversight, Plaintiff seeks leave to amend following Defendants' refusal to stipulate. (Br. at 3; First Am. Compl. ¶ 35.)

### ANALYSIS

**A.    Legal Standard on Motion to Amend**.

Federal Rule of Civil Procedure 15(a) permits a party to amend its pleading once as a matter of right at any time before a responsive pleading is served. Fed. R. Civ. P. 15(a). Once a responsive

1  pleading has been served, however, amendment requires written consent of the adverse party or
2  leave of the court. *Id*. In accordance with the Federal Rule's liberal pleading standard, leave of the
3  Court "shall be freely given discretionary, the general rule is that amendment of the pleading is
4  permitted unless the opposing party makes a showing of bad faith, undue delay, prejudice to the
5  opposing side, or futility of amendment. *See Forman v. Davis*, 371 U.S. 178, 230 (1962); *Eminence
6  Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003). Prejudice to the opposing party
7  carries the greatest weight of the relevant factors and denial is only warranted where the prejudice is
8  substantial. *Eminence Capital*, 316 F.3d at 1052; *Morongo Band of Mission Indians v. Rose*, 893
9  F.2d 1074, 1079 (9th Cir. 1990). Absent prejudice, or a strong showing of the remaining factors, a
10 presumption exists in favor of granting the amendment. *Eminence Capital*, 316 F.3d at 1052.

**B.      Prejudice**.

The party opposing amendment bears the burden of showing prejudice. *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 187 (9th Cir. 1987). Defendants assert that granting the amendment would cause them substantial prejudice because defendants deposed Plaintiff on the negligence claim only and would be precluded from deposing Plaintiff on the intentional discrimination claim. (Opp. Br. at 4.) However, because Plaintiff is not opposed to reopening her own deposition, and the Court grants leave to reopen the deposition, Defendants will face no prejudice. (Reply at 2); *see also* Fed. R. Civ. P. 30(a)(2)(B). Additionally, because discovery remains open, Defendants may still depose Plaintiff's husband, who heard the statements giving rise to the intentional discrimination claim. (Reply at 2.)

**C.      Delay**.

"Delay alone is not sufficient to justify the denial of a motion requesting leave to amend." *DCD Programs*, 833 F.2d at 187. Even severe delay does not warrant automatic denial. *Morongo Band*, 893 F.2d at 1079 ("The delay of nearly two years, while not alone enough to support denial, is nevertheless relevant").

Defendants cite *Hargatt v. Valley Federal Savings Bank*, 60 F.3d 754 (11th Cir. 1995), to support the denial of an delayed request to amend. (Opp. Br. at 4.) In *Hargatt*, the court ruled that the district judge did not abuse her discretion in denying an amendment filed eight months after the

3

1 pre-trial order and ten months after the original deposition. *Hargatt*, 60 F.3d at 761. The court
2 explained that absent compelling circumstances, amendments should be tendered before the time of
3 pre-trial. *Id*.

4 In contrast, discovery remains open and this case has not yet reached the pre-trial stage.
5 Thus, the impact of an amendment on the parties' deadlines is minimized, and the delay of several
6 months is not substantial.

**D.     Bad Faith or Dilatory Motive**.

8 Defendants assert that Plaintiff's efforts to amend the complaint demonstrates bad faith and
9 dilatory motive because Plaintiff has known of the intentional discrimination claim since at least
10 July 21, 2005 and delayed amending the complaint at that time. (Opp. Br. at 4.)

11 Plaintiff's attorney concedes that the acts amounting to intentional discrimination were
12 known by, at a minimum, the time of the interrogatory response in July 2005 and that failure to
13 include the proposed amendment was mere oversight. (Br. at 3.) The Court finds that simple
14 oversight is insufficient to demonstrate bad faith. Additionally, the lack of substantial prejudicial
15 delay further reinforces the absence of bad faith.

16 Defendants also assert that Plaintiff's bad faith or dilatory motive is evidenced by the attempt
17 to reinstate a claim for attorney's fees when the parties were "on the verge of reaching a settlement"
18 for the ADA claims. (*Id*. at 4.) The Plaintiff has the option to participate in a settlement or to
19 pursue further litigation. Selecting one over another or changing course does not prove bad faith.
20 Additionally, both the federal and state causes of action listed in the original pleading included
21 attorney's fee provisions. The amended claim does not add a new claim for fees. As a result,
22 defendants have not demonstrated bad faith or dilatory motive.

**E.     Futility**.

24 A "proposed amendment is futile only if no set of facts can be proved under the amendment
25 to the pleadings that would constitute a valid and sufficient claim or defense." *Miller v.*
26 *Rykoff-Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1988). Therefore, a "motion to make an
27 '[a]mendment is to be liberally granted where from the underlying facts or circumstances, the
28 plaintiff may be able to state a claim.'" *DCD Programs*, 833 F.2d at 186 (citing *McCartin v. Norton*,

4

674 F.2d 1317, 1321 (9th Cir.1982)). The rationale is that a plaintiff "ought to be afforded an opportunity to test his claim on the merits." *Id.* at 188 (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

Defendants assert that Plaintiff is not disabled under the ADA. (Opp. Br. at 5-6.) Under the ADA, one is disabled if living with "a physical or mental impairment that substantially limits one or more of the major life activities of such individual." 42 U.S.C. § 12102(2). Being blind can qualify as a disability under the ADA. For example, "[a] blind student is properly considered to be disabled [under the ADA], because of the limitation on the major life activity of seeing." *Wong v. Regents of University of California*, 410 F.3d 1052, 1065 (9th. Cir. 2005). *See also Albertson's, Inc. v. Kirkingburg*, 527 U.S. 555, 567 (1999) ("people with monocular vision 'ordinarily' will meet the [ADA]'s definition of disability"). Plaintiff may be able to establish disability, thus rendering the amendment not futile.

Defendants also assert that Plaintiff, using the statement purportedly made by Alice Huang, cannot prove that she was "discriminated against *because of* her disability." (Opp. Br. at 5-6 (emphasis in original).) In the original complaint, Plaintiff alleged that Defendants' actions were oppressive to people with disabilities and defendants have "evidenced actual or implied malicious intent." (Compl. ¶ 52.) The alleged statement supports the claim of intentional discrimination. The parties only dispute the underlying facts to sustain such a claim. As such, the amendment is not futile.

In examining the factors relevant to a request to amend, the Court finds Defendants have failed to demonstrate substantial prejudice. Additionally, Defendants have not established that there was significant delay or bad faith in moving to amend. Lastly, the Court finds the amendment is not futile. Therefore, Plaintiff's motion is granted.

////
////
////
////
////

5

**CONCLUSION**

For the foregoing reasons, the Court GRANTS Plaintiff's motion for leave to file a first amended complaint. Plaintiff shall file and serve the amended complaint by no later than February 17, 2006. Defendants shall file a responsive pleading within twenty days of the filing of the amended complaint.

**IT IS SO ORDERED.**

Dated: February 9, 2006

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE